**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03507-NYW

RAUDEL ALVAREZ HEREIRA,

Petitioner,

v.

JUAN BALTAZAR,

Respondent.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 5]. Respondent filed a Response to the Petition, [Doc. 8], and a supplemental Response to the Petition, [Doc. 15]. Petitioner has not filed a reply, and the time to do so has expired. For the reasons herein, the Petition is respectfully **DENIED without prejudice**.

## BACKGROUND

Petitioner Raudel Alvarez Hereira ("Petitioner" or "Mr. Alvarez Hereira") is a citizen of Cuba who entered the United States on or about December 5, 2019. [Doc. 5 at 5]. He alleges that immigration proceedings occurred on March 4, 2020, however, he was "never notified or given a meaningful opportunity to appear in any [immigration] proceedings, did not participate, and did not waive his rights." [*Id.*]. Petitioner further contends that a final order of removal was "never . . . entered" against him, however, if one does exist, Respondents "must produce" the document. [*Id.*]. On July 8, 2026, Petitioner was arrested by ICE and taken into custody near his workplace in Miami, Florida and then

transferred to a detention facility in Colorado. [*Id.* at 5–6].

As best the Court can tell, Petitioner asserts that his detention violates the Due Process Clause of the Fifth Amendment. [*Id.* at 2, 6]. He asks this Court to order Respondent to "identify the statutory authority for his detention, justify continued detention," and "provide a meaningful custody review or bond hearing." [*Id.* at 5, 7].

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

On August 24, 2026, Respondent filed a response that did not address the merits of the Petitioner's claim(s). Instead, Respondent clarified that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a) and stated:

> for purposes of this specific case, Respondent is not submitting a brief in opposition to the Petition. Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief. Respondent submits that if the Court does grant the Petition, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security. *See* 8 U.S.C. § 1231(a)(3) (stating that an alien who is not removed during the removal period "shall be subject to supervision under regulations" and providing the Attorney General with the authority to issue regulations on terms of supervision for an alien released pending removal); 8 C.F.R. §§ 241.4, 241.5, 241.13(h), 241.14 (regulations governing release of aliens pending removal); *Zadvydas v. Davis*, 533 U.S. 678, 700 (2001) (if a court orders an alien released from custody, "of course,

> the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances").

[Doc. 11 at 1–2].

On September 2, 2026, the Court entered a Minute Order directing Respondent to "file a supplemental response with evidence supporting his position that a final order of removal exists." [Doc. 13]. In response, Respondent submitted a copy of Petitioner's final order of removal dated March 4, 2020 and noted that "Petitioner was provided with written notification of the time, date, and location of his removal hearing, but failed to appear" and that the "Immigration Judge found that the Department of Homeland Security submitted documentary evidence establishing Petitioner's removability." [Doc. 15 at 1]; *see also* [Doc. 15-1].

## ANALYSIS

### I. Detention of Noncitizens

Generally, when a noncitizen is ordered removed from the United States, the removal "shall" occur within the next 90 days—the "removal period." 8 U.S.C. § 1231(a)(1); *Morales-Fernandez v. Immigr. & Naturalization Serv.*, 418 F.3d 1116, 1123 (10th Cir. 2005). Detention is mandatory during the removal period, 8 U.S.C. § 1231(a)(2)(A), but once the removal period expires, the noncitizen "*may*" be detained, *id.* § 1231(a)(6) (emphasis added). The Supreme Court has recognized that this permissive language "suggests discretion," but "does not necessarily suggest unlimited discretion." *Zadvydas*, 533 U.S. at 697. Indeed, "read in light of the Constitution's demands," Section 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. In *Zadvydas*, the Court explained that

> [a] statute permitting indefinite detention of an alien would raise a serious constitutional problem. The Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person . . . of . . . liberty . . . without due process of law." Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.

*Id.* at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Finding "nothing in the history of these statutes that clearly demonstrates a congressional intent to authorize indefinite, perhaps permanent, detention," the *Zadvydas* Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The Court did recognize, however, a presumptively reasonable six-month detention period. *Id.* at 701. "After this 6-month period," if the noncitizen demonstrates "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Supreme Court explained that a six-month presumptive period does not mean that every noncitizen detained for six months must be released; rather, a noncitizen may remain in detention "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* But "if the government fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future, the noncitizen must be released." *Ahrach v. Baltazar*, No. 25-cv-03195-PAB, 2025 WL 3227529, at *2 (D. Colo. Nov. 19, 2025) (citing *Zadvydas*, 533 U.S. at 701).

**II. Petitioner's Detention**

It is unclear what claims Petitioner is bringing in the Petition. However, to the extent he is challenging the validity of the final order of removal, this Court lacks jurisdiction over such a claim. *See Ferry v. Gonzalez*, 457 F.3d 1117, 1131 (10th Cir.

2013) (explaining that the "the Real ID Act eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal."). Further, Respondent has submitted evidence that Petitioner is detained under 8 U.S.C. § 1231(a), but Petitioner fails to clearly state a *Zadvydas* claim in his Petition. To date, Petitioner has been detained approximately three months. Therefore, the presumptively reasonable six-month period recognized in *Zadvydas* has not expired. Furthermore, Petitioner has not alleged that there is no significant likelihood of removal in the reasonably foreseeable future. *See* [Doc. 5]. Based on the allegations in the Petition, the Court simply cannot determine whether Petitioner has asserted a cognizable habeas claim. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that while a pro se litigant's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" (quotations omitted)).

Accordingly, the Court concludes that Petitioner has not met his burden to demonstrate that habeas relief is warranted. The Court will **DENY** the Petition **without prejudice**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 5] is **DENIED without prejudice**;

(2) The Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 3] is **DENIED as moot**; and

(3) The Clerk of Court shall enter judgment in favor of Respondent and close this case.

DATED: October 13, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge